| | |
|---|---|
| | **UNITED STATE BANKRUPTCY COURT** |
| | **DISTRICT OF ARIZONA** |

In re: ) Chapter 7 Case
)
Mark Eugene Lloyd and ) Case No. 2:13-bk-21588-DPC
Nancy Louis Lloyd, )
)
      Debtors. )
)
_____ )
)
Lawrence J. Warfield, Chapter 7 Trustee, ) Adversary Proceeding
) No. 2:14-ap-00173-DPC
      Plaintiff, )
)
    v. ) **MEMORANDUM AND ORDER**
) **ON MOTION TO DISMISS**
Santander Consumer USA, Inc., ) **COMPLAINT**[1]
)
      Defendant. ) (Not for Publication- Electronic
) Docketing ONLY)

## I. INTRODUCTION

The duly-appointed trustee in the above-captioned Chapter 7 case, Lawrence J. Warfield ("Plaintiff"), commenced this proceeding pursuant to 11 U.S.C. § 544(a)[2] to avoid any lien rights held by Santander Consumer USA, Inc. ("Defendant") in the Debtors' 2011 Subaru motor vehicle ("Vehicle"). Before the Court is Defendant's Motion to Dismiss Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable to this proceeding by Fed. R. Bankr. P. 7012. Plaintiff filed a Response to the Motion ("Response"), Defendant filed a Reply to the Response ("Reply"), and the Court heard arguments of the parties, through their counsel, on May 8, 2014.

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b).

[2] Unless otherwise indicated, all statutory citations are to Title 11, United States Code ("Bankruptcy Code").

## II. BACKGROUND

The relevant facts are not in dispute. The Debtors purchased and received delivery of the Vehicle on December 14, 2013. Defendant financed the purchase in the amount of $20,495. The Debtors also executed a Title and Registration Application ("Application") on December 14, 2013, listing Defendant as lienholder.[3] The Debtors' chapter 7 case was commenced by the filing of a voluntary petition on December 18, 2013 ("Petition Date"). As of the Petition Date, Defendant had not completed the requisite steps to perfect its lien on the Vehicle, but purported to do so by filing the Application with Title America, an authorized third party of the Arizona Department of Transportation Motor Vehicle Division ("MVD"), on January 13, 2014, the 30th day after the Debtors took delivery of the Vehicle and executed the Application.[4]

The essence of the Complaint is that,

(1) Defendant's postpetition perfection actions (the filing of the Application) violated the automatic stay under § 362(a) and are void for that reason, leaving Defendant with an unperfected lien as of the Petition Date;

(2) the exception to the automatic stay under § 362(b)(3) does not apply because under § 546(b)(1) and A.R.S. § 47-9317(E), Defendant failed to perfect its security interest within 20 days after the Debtors received delivery of the Vehicle

---

[3] The Application is attached to the Complaint as Exhibit 1. The Court notes that the parties do not address the date of execution of the Application, but based on the language of A.R.S. § 28-2133(B), set out below, the Court considers the date of execution to be a necessary element of Defendant's case. The Debtors' signatures themselves are undated, but the Application appears to have been prepared on December 14, 2013. Plaintiff has referred to December 14, 2013 as being the operative date for determining when the clock started ticking on the steps Defendant was required to take in order to perfect its lien. *See also* Complaint, dkt. no. 1, para. 8. For these reasons, and in the absence of any dispute being raised, the Court finds that December 14, 2013 is the date of execution of the Application.

[4] The January 13, 2014 date appears in Title America's receipt stamp. The Application also bears an anonymous stamp indicating that it was "RECEIVED JAN 09 2014." The parties have not addressed this date, but given the time periods involved in this case, the 4-day difference between January 9 and January 13 is irrelevant.

and, therefore, Defendant's effective date of perfection did not relate back to December 14, 2013; and

(3) Plaintiff's rights and powers under § 544(a) entitle Plaintiff to avoid what was, on the Petition Date, an unperfected lien held by Defendant.

## III. ANALYSIS

When considering whether to grant a motion to dismiss, the Court should assume all material facts pleaded are true and interpret them in the most favorable light to the nonmoving party. *In re Warfel*, 268 B.R. 205, 209 (9th Cir. BAP 2001). However, the Court does not need to assume the truth of conclusory allegations. *Bell Atlantic Corporation et al. v. William Twombly et al.*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1966 (2007). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide enough factual matter so that the claim is "plausible on its face." *Id.*, 550 U.S. at 570, 127 S.Ct. at 1974.

### A. Issues Presented

The narrow issue raised by the Motion and Plaintiff's Response is whether the law governing the effective date of perfection of a lien on a motor vehicle is A.R.S. § 47-9317[5] or A.R.S. § 28-2133.[6]

### B. The Statutes

1. <u>Bankruptcy Statutes</u>.

The Court's analysis begins with an examination of the relevant statutes. Plaintiff cites § 544(a) of the Bankruptcy Code for his avoidance power, a section that confers upon a bankruptcy trustee the rights and powers of a hypothetical judicial lien creditor (§ 544(a)(1)) and a hypothetical judgment creditor (§ 544(a)(2)) as of the Petition Date.

---

[5] Found in A.R.S. under Title 47, "Uniform Commercial Code;" Chapter 9, "Secured Transactions;" Article 3, "Perfection and Priority."

[6] Found in A.R.S. under Title 28, "Transportation;" Chapter 7, "Certificate of Title and Registration;" Article 4 "Vehicle Liens and Encumbrances."

Both parties acknowledge that Plaintiff's rights and powers under § 544(a), as well as the enforceability of the automatic stay against Defendant,[7] are subject to § 546(b)(1), which provides that,

> The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that--
> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
> (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

2. <u>The Uniform Commercial Code Statute</u>.

Plaintiff asserts that the "generally applicable law" referenced in § 546(b)(1) is A.R.S. § 47-9317, which provides in pertinent part that,

> A. A security interest or agricultural lien is subordinate to the rights of:
> 1. A person entitled to priority under § 47-9322; and
> 2. Except as otherwise provided in subsection E of this section, a person that becomes a lien creditor before the earlier of the time:
> (a) The security interest or agricultural lien is perfected if a person files a financing statement with respect to a purchase money security interest; or
> (b) One of the conditions specified in § 47-9203, subsection B, paragraph 3 is met and a financing statement covering the collateral is filed.
> . . .
> E. Except as otherwise provided in §§ 47-9320 and 47-9321, *if a person files a financing statement with respect to a purchase money security interest before or within twenty days after the debtor receives delivery of the collateral*, the security interest takes priority over the rights of a buyer, lessee or lien creditors that arise between the time the security interest attaches and the time of filing.

---

[7] The filing of a petition does not operate as a stay under § 362(a) of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b). *See* § 362(b)(3).

(Emphasis added.) If the foregoing statute governs the effective date of Defendant's lien perfection and Defendant's delivery of the Application to Title America on January 13, 2014 is the equivalent of filing a financing statement, (1) Defendant's perfection did not occur within 20 days after the Debtors received the Vehicle; (2) the effective date of Defendant's perfection was the date that the Application was filed, January 13, 2014; (3) Defendant's act to perfect its lien on January 13, 2014 was not excepted from the operation of the automatic stay, and, therefore, is void; and (4) Defendant's unperfected security interest is trumped by Plaintiff's hypothetical lien creditor rights which arose on the Petition Date.

3. <u>Central Filing Statute</u>.

Defendant asserts that the "generally applicable law" referenced in § 546(b)(1) is A.R.S. § 28-2133, which provides in pertinent part that,

> B. The filing and issuance of a new certificate of title as provided in this article is constructive notice to creditors of the owner or to subsequent purchasers of all liens and encumbrances against the vehicle described in the certificate of title, except those that are authorized by law and that are dependent on possession. *If the documents referred to in this article* [a signed application for title or application for registration (see A.R.S. § 28-2132)] *are delivered to a registering office or an authorized third party provider of the department within thirty days after the date of their execution*, the constructive notice dates from the time of execution. Otherwise, the notice dates from the time of receipt and filing of the documents by the department as shown by its endorsement. For the purposes of this subsection, the time stamp on the documents that is administered by the registering officer or authorized third party provider of the department electronically or otherwise is conclusive as to the time and date of delivery of the documents.
>
> C. *The method provided in subsection B of this section for giving constructive notice of a lien or encumbrance on a vehicle required to be titled and registered under § 28-2153 or a mobile home required to be titled under § 28-2063 is exclusive, except for liens dependent on possession. A lien, encumbrance or title retention instrument or document that evidences any of them and that is filed as provided by this article is*

> *exempt from the provisions of law that otherwise require or relate to the recording or filing of instruments creating or evidencing title retention or other liens or encumbrances on vehicles of a type subject to registration under this chapter.*

(Emphases added.)[8] If this statute governs the effective date of Defendant's lien perfection, (1) Defendant perfected its lien exactly 30 days after Debtors' execution of the Application; (2) the effective date of perfection relates back to December 14, 2013; (3) Defendant's postpetition acts to perfect the lien were excepted from the stay under §§ 362(b)(3) and 546(b)(1); and (4) Defendant's perfected lien has priority over Plaintiff's § 544 rights and powers under A.R.S. § 47-9322(A)(1), governing priorities among conflicting security interests in the same collateral.

**C. Defendant's Position**

As authority for its position, Defendant cites A.R.S. § 47-9303(C), which provides that,

> The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection and the priority of a security interest in goods covered by a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title.

Defendant also cites A.R.S. § 47-9311(A)(2), which provides that,

> Except as otherwise provided in subsection D of this section, the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to: . . . A statute of this state that provides for central filing of or that requires indication on a certificate of title of a security interest in the property, including title 28, chapter 7, article 4, and that requires indication of the security interest on a certificate of title for a vehicle required to be titled and registered under § 28-2153 . . .

---

[8] Subsection C, quoted above, is not raised by the parties, but is included nevertheless as it defines the scope and effect of subsection B.

6

Defendant cites Judge Case's decision in *In re Moore*, 2006 WL 3064781 (Bankr. D. Ariz. 2006) as further support. *Moore* involved a motor vehicle lien avoidance action virtually identical to that before the Court, but *Moore* appears to have been argued differently. Judge Case analyzed the *Moore* defendant's actions under A.R.S. § 28-2133, but Judge Case's finding on that view falls short of a legal conclusion that A.R.S. § 28-2133 is the applicable statute for determining the effective date of perfection. As Judge Case stated: "The perfection does not fit within the safe harbor of Section 546(b) *if* the applicable law is A.R.S. section 28-2133(B), as it provides only a ten day relation back period and here twenty-nine days passed." *Moore*, 2006 WL 3064781 at *1 (emphasis added).[9] The emphasized language "*if*" makes Judge Case's reference to A.R.S. § 28-2133 conditional as far as that statute being considered the statute for determining the effective date of perfection. The decision does not mention A.R.S. § 47-9317. Rather, Judge Case proceeds to consider the *Moore* defendant's position under (a) § 547(c)(3)(B) and (b) §§ 362(b)(3) and 547(e)(2)(A), both of which schemes provide for 30-day relation back periods under certain circumstances. However, those theories are not raised by the parties in the case at bar.[10]

Defendant also cites *In re Anderson*, 2007 WL 1839699 (D. Ariz. 2007), which affirmed the bankruptcy court's decision permitting the trustee to avoid the appellant's motor vehicle lien under 11 U.S.C. § 544. In *Anderson*, the District Court clearly considered A.R.S. § 28-2133(B) to be the "generally applicable law" for determining the date of perfection, citing cases decided by the Arizona Supreme Court expressly finding that A.R.S. § 28-325, the predecessor to A.R.S. § 28-2133, is the 'central filing statute'

---

[9] At the time of *Moore*, A.R.S. § 28-2133 provided for relation back only if the application was filed within 10 days after its execution.

[10] Nevertheless, those theories would appear to be unavailing to Defendant: as Judge Case found in *Moore*, § 547(c)(3)(B) only applies in preference actions (*see* preamble to § 547(c)), and prevailing case law holds that § 547(e)(2)(A) does not constitute "generally applicable law" within the meaning of § 546(b).

7

Case 2:14-ap-00173-DPC    Doc 16    Filed 06/02/14    Entered 06/02/14 13:58:20    Desc
Main Document    Page 7 of 12

prevailing over the provisions for security interests that arise under the Uniform Commercial Code. *See First Nat'l Bank of Arizona v. Carbajal,* 132 Ariz. 263, 645 P.2d 778, 780 (Ariz. 1982) ("For a party seeking to perfect a security interest in a motor vehicle, these provisions [A.R.S. §§ 28-325(B) through (F)] are mandatory . . . ."). *Carbajal* is still good law. *Anderson* also follows Judge Haines' decision in *In re North*, 310 B.R. 152 (Bankr. D. Ariz. 2004). *North* did not involve a dispute over which Arizona statute governs perfection of liens on motor vehicles, but it did involve a determination of whether and when the bank in that case had perfected its lien. Judge Haines made that determination by examining the actions that the bank took to perfect its lien according to A.R.S. § 28-2133. *North*, 310 B.R. at 159-60.

**D. Plaintiff's Position**

Plaintiff cites *In re Lockridge,* 303 B.R. 449, 457 (Bankr. D. Ariz. 2003) as authority for his position that A.R.S. § 47-8317(E) is the applicable statute for determining the effective date of perfection of a motor vehicle lien. In *Lockridge*, Judge Haines determined whether an automotive dealership or a finance company should bear the loss where a vehicle lien was not timely perfected. There, the dealership warranted that, upon the finance company's purchase of the motor vehicle loan originated by the dealership, the finance company would have a perfected first priority lien on the subject vehicle. However, a chapter 7 bankruptcy trustee subsequently avoided the lien because the effective date of perfection of the lien did not relate back to a prepetition date before the trustee's 11 U.S.C. § 544 rights and powers came into existence. Contrary to Plaintiff's assertion, however, Judge Haines determined the effective date of perfection under A.R.S. § 28-2133, and found that the dealership had failed to "get the lien reflected on Lockridge's certificate until August 19, 2002, some 25 days after Lockridge

purchased and took possession of the trailer." *See Lockridge*, 303 B.R. at 452.[11] The dealership's failure to file the application with MVD within the relation back period was fatal to the dealership's lien rights vis-à-vis the trustee, whose § 544 rights and powers came into existence on August 12, 2002. *Id*. Judge Haines' reference to A.R.S. § 47-9317(E) was solely in the context of determining the priority of the trustee's lien creditor rights and the dealership's rights assuming that the dealership's lien perfection was effective as of the date the application was filed (i.e., without relation back). *Id.* at 457. The Court does not need to reach that issue in the case at bar.

Plaintiff also cites *In re Britt*, 369 B.R. 526 (Bankr. D. Ariz. 2007), as authority for his position that A.R.S. § 47-9317(E) is the applicable statute for determining the effective date of perfection of a motor vehicle lien. *Britt* involved the same issue presented in *Lockridge*, but in *Britt* the lien was avoided under § 547. The lien was validly perfected prepetition, but it was done so within the 90-day preference period. Plaintiff misreads Judge Haines' decision. In *Britt*, Judge Haines determined the effective date of the dealership's lien perfection under A.R.S. § 28-2133(B). *Britt*, 369 B.R. at 529-30 (n. 8). In paragraph 4 of his Response to the Motion, Plaintiff asserts that Judge Haines "held that the applicable relate-back time period was 20-days pursuant to Ariz. Rev. Stat. § 47-9317(E) adopting UCC § 9-317." However, that holding is nowhere to be found in the *Britt* decision. Further, the (unpublished) 9th Circuit B.A.P. decision affirming Judge Haines' decision in *Britt* states,

> Under Arizona law, a security interest in a motor vehicle must be perfected by filing an application for title and registration with the Arizona Motor Vehicle Department ("MVD") and by listing the secured creditor's lien on the certificate of title. A.R.S. § 28–2132(B)[sic]. Perfection of the security interest in the motor vehicle would date from either: (1) the date on which the security agreement was executed, provided that the MVD received and

---

[11] At the time of *Lockridge*, the relation back period under A.R.S. § 28-2133 was 10 days after execution of the title and registration application.

filed the title and registration application within ten days of its execution; or (2) the date on which the MVD received and filed the title and registration application, as shown by the MVD's endorsement. A.R.S. § 28–2133(B).

*In re Britt*, 2007 WL 4867921 (9th Cir. BAP 2007).[12] Clearly, the BAP considers A.R.S. § 28-2133 as the law governing perfection of motor vehicle liens and establishing the appropriate relation back period.

Plaintiff argues in paragraph 4 of his Response that, "Ariz. Rev. Stat § 28-2133(B) is not a relate-back statute, but rather is a statute that is instructive to the Arizona Motor Vehicle Division as to what date to ascribe to the lien date on the title." That argument ignores A.R.S. § 28-2133(C), quoted above, which makes clear in no uncertain terms that the scope and effect of the statute is much broader than what Plaintiff suggests. Moreover, the Court notes A.R.S. § 28-2135, entitled "Perfection of Security Interest in Inventory and Mobile Homes," which provides in pertinent part that,

> Notwithstanding any other provision in this article:
>
> 1. A security interest in inventory, as defined in § 47-9102, consisting in whole or in part of vehicles required to be titled and registered under § 28-2153 or of mobile homes shall be perfected in accordance with the filing provisions of title 47, chapter 9, article 5 to the extent that those provisions are applicable by virtue of title 47, chapter 9, article 3.

The Legislature's reference in that context to title 47, chapter 9, article 3 – the source of Plaintiff's position that A.R.S. § 47-9317 represents the "generally applicable law" that the Court must apply – evidences that the Legislature knew how to distinguish between different perfection procedures when it intended to. However, no such distinction appears in A.R.S. § 28-2133.

---

[12] At the time *Britt* was decided, A.R.S. § 28-2133 provided for relation back only if the application was filed within 10 days after its execution.

Finally, the Court notes the 9th Circuit BAP's (unpublished) decision in *In re GTI Capital Holdings, L.L.C.*, 2006 WL 6810997 (9th Cir. BAP 2006), a case involving what the Panel described as "a creditor who ran afoul of the bankruptcy 'strong arm' powers with respect to the status of its security interest." Id. at *1. While this case involved several issues not at play here, the Panel had to review the lower court's conclusion that the defendant lacked the requisite perfected lien on the subject motor vehicles, and in affirming that conclusion (and the bankruptcy court's judgment in total), the Panel stated,

> Though Article 9 of the Arizona Uniform Commercial Code generally governs the perfection of security interests in personal property, the UCC filing provisions do not apply to the perfection of a security interest subject to a certificate of title statute. A.R.S. § 47–9311B; *see Noble v. Bonnett*, 577 P.2d 248, 250 (Ariz.1978) (en banc) ("We feel constrained by the mandatory language of the statute to give a strict interpretation."). The Arizona titled vehicle statutes are set forth in A.R.S. §§ 28–2131 – 28–2136 ("Titled Vehicle Statutes").

Based on the Panel's holdings in *Britt* and *GTI Capital Holdings*, as well as the statutes themselves, this Court finds that A.R.S. §§ 28-2131 through 28-2136 represent the "generally applicable law" to which the Court must look to determine the effective date of Defendant's lien perfection.

## IV. CONCLUSION

Having established that A.R.S. § 28-2133 is the appropriate statute for determining the effective date of Defendant's lien perfection, and it being undisputed that Defendant filed its Application with the MVD-authorized third party within 30 days after its execution, the Court finds that Defendant's date of perfection relates back to December 14, 2013. Therefore, Plaintiff's rights and powers under 11 U.S.C. § 544(a), which arose on the Petition Date of December 18, 2013, are inferior to Defendant's lien rights. *See* § 546(b) and A.R.S. § 47-9322(A)(1). Defendant's Motion is granted and

Plaintiff's Complaint is dismissed.[13]

**So ordered.**

**Dated: June 2, 2014.**

DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by
the BNC and/or sent by auto-generated
mail to interested parties.

---

[13] In his Response to the Motion, Plaintiff prays for denial of the Motion or, in the alternative, leave to amend the Complaint to account for any deficiencies. Based on the undisputed facts presented by the parties and the Court's conclusions based on those facts, the Court finds that there are no amendments to the Complaint which could change the outcome of this proceeding. Plaintiff's alternative prayer is likewise dismissed.